# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2011

No. 10-50508
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALBERTO PLACENCIA-MARQUEZ, also known as Luis Moreno-Marquez, also known as Jose Luis Lopes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-124-1

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:*

Luis Alberto Placencia-Marquez (Placencia) appeals the sentence imposed following his guilty plea conviction to illegal reentry of a previously deported alien, arguing that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unreasonable. Specifically, he contends that his sentence is greater than necessary because the Sentencing Guidelines account for a prior conviction both to increase his offense

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50508

level and to calculate his criminal history score.  He also argues that the guidelines range did not properly account for his personal history and characteristics, including his motive for reentering.

Placencia concedes that because he did not object to his sentence, the substantive reasonableness of his sentence is reviewed for plain error.  To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights.  *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

We have previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir.) *cert. denied*, 130 S. Ct. 192 (2009); *see also* U.S. Sentencing Guidelines Manual § 2L1.2, comt. at n.6.  Placencia's disagreement with the district court's balancing of the § 3553(a) factors does not suffice to show error in connection with his sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  He has shown no error, plain or otherwise.  Even if we must review for abuse of discretion, as Placencia contends, we are satisfied that there is no error here.  Accordingly, the judgment of the district court is AFFIRMED.